UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALUE WHOLESALE, INC., <br><br> **Plaintiff,** <br><br> v. <br><br> KB INSURANCE CO., LTD. d/b/a KOOKMIN BEST INSURANCE COMPANY (US BRANCH) f/k/a LEADING INSURANCE GROUP INSURANCE CO., LTD., <br><br> **Defendant.** | Civil Action No. <br><br><br> COMPLAINT AND JURY DEMAND <br><br><br> ECF CASE |

Plaintiff, Value Wholesale, Inc. (hereinafter "Value" or "Plaintiff"), by its attorneys, STERN & SCHURIN, LLP, as and for its Complaint against Defendant, KB Insurance Co., Ltd. d/b/a Kookmin Best Insurance Company (U.S. Branch), formerly known as Leading Insurance Group Insurance Co., Ltd. (hereinafter "KBIC" or "Defendant"), alleges as follows:

**NATURE OF ACTION**

1. This is an action for breach of an insurance contract between Value and KBIC, and for declaratory relief.

2. By this action, Value seeks compensation for the unpaid defense costs it has incurred in connection with claims asserted against it by Abbott Laboratories ("Abbott") in a matter pending in the United States District Court for the Eastern District of New York entitled *Abbott Laboratories et al. v. Adelphia Supply USA et al.* 15-CV-5826 (CBA)(MDG) (the "Abbott Litigation").

3. Value also seeks a declaration that KBIC be required to defend Value going forward in the Abbott Litigation and that KBIC indemnify Value from any covered damages.

## JURISDICTION AND VENUE

4. This action seeks relief by reason of KBIC's prior and ongoing failure to defend and indemnify Value with respect to the trade dress infringement claims asserted against Value in the Abbott Litigation.

5. This Court has general personal jurisdiction over KBIC because KBIC conducts extensive business in the State of New York.

6. This Court possesses specific personal jurisdiction over KBIC because the policy was entered into in New York and the transactions complained of herein between Value and KBIC took place within the State of New York.

7. This Court has subject matter jurisdiction in this action through diversity of the parties under 28 U.S.C. § 1332. The sum in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in this judicial district.

## PARTIES

9. Value Wholesale, Inc. is a corporation organized and existing under the laws of the State of New York with a principal place of business located at 1274 49th Street, Suite 257, Brooklyn, New York 11219.

10. Value is a named insured on an insurance policy issued by KBIC that is the subject of this Complaint.

11. Upon information and belief, KBIC is a South Korean company with a principal place of business located at 9Fl, 731 Yeongdong-daero (Boulevard), Gangnam-gu, Seoul, 135-953, South Korea.

12. Upon information and belief, KBIC operates within the United States with its U.S. headquarters located at 400 Kelby Street, 15th Floor, Fort Lee, New Jersey 07024.

13. Upon information and belief, KBIC possesses an additional U.S. branch office which is located at 505 North Brand Boulevard, Suite 1025, Glendale, California 91203.

14. Upon information and belief, KBIC was formerly known as LIG Insurance Company Ltd. and was acquired and renamed to its present version by its parent company, KB Financial Group, Inc.

15. Upon information and belief, KBIC is a company engaged in providing commercial, property, and liability insurance.

16. Upon information and belief, KBIC sells its insurance products and services in this judicial district and throughout the United States.

**FACTS COMMON TO ALL CLAIMS**

17. In 2015, Value secured and maintained a policy of commercial general liability insurance ("CGL Policy") (the "Policy") from KBIC.

18. KBIC issued the CGL Policy, identified as Policy No. 01CPS 078761 00, to Value for a policy period from February 4, 2014, to February 4, 2015.

19. This policy was renewed from February 4, 2015 to February 4, 2016. Attached hereto as **Exhibit A** is a true copy of the KBIC CGL Policy.

20. The policy premium on the CGL Policy issued by KBIC was a substantial sum of money, which was paid by Value.

21. Value has met every condition required by the CGL Policy. As a result, said CGL Policy remains in full force and effect with respect to Value.

22. The CGL Policy issued by KBIC includes coverage for "Personal and Advertising Injury" among its terms.

23. Pursuant to the terms of the CGL Policy issued by KBIC, the definition of "Personal and Advertising Injury" includes, in part, injury arising out of "g. Infringing upon another's copyright, trade dress or slogan in you 'advertisement.'"

24. The CGL Policy defines "Advertisement" as

…a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and

b. Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

25. The CGL Policy states that the following exclusion to coverage applies to bar coverage under the Policy:

**i. Infringement of Copyright, Patent, Trademark Or Trade Secret**

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement".

26. However, the CGL Policy also provides that "this exclusion does not apply to infringement, in your ""advertisement," of copyright, trade dress or slogan.."

27. Since, as discussed below, Abbott alleges infringement of its trade dress by Value's advertisements, the exclusion does not apply to bar a defense or coverage to Plaintiff.

4

Indeed, none of the exclusions stated in the policy preclude KBIC from being obligated to provide a defense and coverage to Value in the Abbott Litigation.

### THE CLAIMS AND UNDERLYING ACTION THAT GIVE RISE TO KBIC'S DUTY TO DEFEND AND INDEMNIFY PLAINTIFF

28. On November 20, 2015, Abbott commenced the Abbott Litigation by filing a Complaint against Value and others.

29. On March 28, 2016, Abbott filed the Second Amended Complaint against Value and others.

30. All of the claims alleged by Abbott against Value in the Abbott Litigation are based on factual allegations that pertain to Value's advertising and sale in purported violation of Abbott's trade dress rights in its distinctive packaging used to distinguish FreeStyle products in the marketplace.

31. Following Abbott's filing of the Second Amended Complaint against Value, which asserted a covered trade dress claim, Value shortly thereafter tendered the Abbott Litigation to its insurance broker, KBIC, by emailing notice thereof. Thus, Value provided KBIC with timely notice of the suit initiated by Abbott.

32. KBIC initially denied coverage and defense to Value in the Abbott Litigation through a denial letter (the "First Denial Letter") on the grounds that the Abbott Litigation failed to constitute a "personal and advertising injury." Attached hereto as **Exhibit B** is a copy of the First Denial Letter.

33. Following KBIC's initial decision not to cover Value in the Abbott Litigation, Value's counsel sent a response letter asking KBIC to honor its legal duty to defend and indemnify Plaintiff. Attached hereto as **Exhibit C** is a copy of Value's First Response Letter to KBIC.

34. In response to Value's First Response Letter to KBIC, KBIC once again refused to provide a defense and indemnify Value in connection with the Abbott Litigation. KBIC's reasons are set forth in its Second Denial Letter, attached hereto as **Exhibit D.**

35. In the Second Denial Letter, KBIC argued that "The Second Amended Complaint does not allege a sufficient causal nexus between Value Wholesale's advertising activity and Abbott's injuries to trigger coverage under the Policy's 'personal and advertising injury' coverage part."

36. KBIC's conclusion that the factual allegations of the Abbott Litigation do not constitute "personal and advertising injury" and that no causal nexus exists between Value's advertising activity and the injuries suffered by Abbott is contrary to the facts of the complaints in the Abbott Litigation and well-settled law.

37. Thereafter, on May 13, 2016, Value sent a Second Response Letter to KBIC, attached hereto as **Exhibit E**, explaining how KBIC's position was frivolous in view of the allegations in the Second Amended Complaint.

38. In particular, Paragraph 15 of the Second Amended Complaint in the alleges:

Defendants' unauthorized importation, **advertisement,** and subsequent distribution causes, or **is likely to cause, consumer confusion, mistake, and deception to the detriment of Abbott** … And the **advertisement** and sales of diverted international FreeStyle test strips **cause great damage to Abbott** and the goodwill of Abbott's valuable trademarks. (Emphasis added)

39. Furthermore, paragraph 385 of the Second Amended Complaint states the following allegation:

Using Abbott's trademarks and **trade dress**, Defendants **advertise** to consumers and the marketplace their ability and willingness to sell FreeStyle test strips. These **advertisements** are made through, inter alia, websites, emails, facsimiles, point-of-sale displays, and other media. (Emphasis added)

40. Based on the foregoing allegations alone, KBIC's basis for denial of a defense to Value is clearly without merit.

41. In addition, on May 20, 2016, Plaintiffs in the Abbott Litigation filed "Plaintiffs' Rule 26(a)(1) Initial Disclosures" (hereinafter "Plaintiffs' Initial Disclosures").

42. With respect to a demand for monetary damages, both Plaintiffs' Initial Disclosures and the Second Amended Complaint speak directly to the fact that the Plaintiffs are seeking monetary damages based on the insured's "advertisement" of infringing FreeStyle test strips that infringe on Plaintiffs' trade dress rights. A copy of the Plaintiffs' Initial Disclosures is attached hereto as **Exhibit F**.

43. Specifically, Section III of Plaintiffs' Initial Disclosures entitled "**III. Rule 26(a)(1)(A)(iii): Computation of Damages**" states the following:

> As set forth in the Second Amended Complaint, Abbott seeks injunctive relief and monetary relief. **Abbott's monetary damages are based on**: (a) actual, statutory, treble, and punitive damages, and costs and attorneys' fees; (b) all ill-gotten profits from Defendants' importation, purchase, marketing, **advertisement**, distribution, sale, offer for sale, and/or use in commerce in the United States of diverted international FreeStyle test strips; (c) Abbott's lost profits; (d) Abbott's remedial costs; and (e) pre-judgment and post-judgment interest. (Emphasis added)

44. Thus, the Abbott Litigation specifically asserts a demand for monetary damages by Abbott as a consequence of Value's alleged activities with respect to Abbott's trade dress in Value's "advertisement."

45. KBIC was provided with this evidence yet still has refused to reconsider its denial of coverage and defense.

46. Due to the aforementioned evidence, there is no dispute that the factual allegations asserted against Value relate directly to the alleged unauthorized use of Abbott's trade dress for its FreeStyle test strips in Value's advertising and marketing.

7

## THE COURT OF APPEALS OF WISCONSIN RULED THAT AN INSURER HAS A DUTY TO DEFEND AND INDEMNIFY AN INSURED IN THE ABBOTT LITIGATION

47. In *W. Bend Mut. Ins. Co. v. Ixthus Med. Supply, Inc.*, 2018 WI App 28, 381 Wis. 2d 472, 915 N.W.2d 456, the Wisconsin Court of Appeals interpreted the same policy language against the same allegations in the Abbott Litigation and ruled that the insurer in that case, West Bend Mutual Insurance Co., had a duty to defend and indemnify its insured in the pending Abbott Litigation. A copy of this decision is attached hereto as **Exhibit G.**

48. In its decision, the court concluded that (1) Abbott's complaint alleged a covered offense; (2) the defendant engaged in advertising activity by distributing the alleged infringing product; and (3) the complaint in the Abbott Litigation specifically alleged a causal connection between Abbott's claimed injury and the defendant's advertising activity. *Id*. at 7-8.

49. This ruling is directly contrary to the positions taken in KBIC's First and Second Denial Letters in which KBIC asserted that the factual allegations of the Abbott Litigation do not constitute a covered offense and that no causal nexus exists between Value's advertising activity and the injuries suffered by Abbott.

50. The court further found that allegations of intentional conduct in the Abbott Litigation did not relieve the insurer of its duty to defend. Thus, none of the insurance policy's exclusions precluded coverage. *Id*. at 10.

51. On that basis, the Court of Appeals required the insurer to defend and indemnify the insured in the Abbott Litigation. *Id*.

## COUNT I
## BREACH OF CONTRACT

52. Value repeats and realleges all of the preceding paragraphs as if fully set forth herein.

53. This is a cause of action for breach of contract under New York law.

54. Pursuant to the terms of the CGL Policy at issue herein, KBIC is obligated to defend Value in the Abbott Litigation.

55. One or more of the claims asserted in the Abbott Litigation constitute "Advertising Injury" under the definition of "Advertising Injury" contained in the Policy at issue.

56. Value made a proper demand for coverage, defense, and compensation.

57. Value submitted timely notice to KBIC.

58. Despite several attempts, KBIC improperly refused to cover, defend, and compensate Value in the Abbott Litigation.

59. As a result, KBIC has breached the terms of the CGL insurance policy at issue herein.

60. Substantially less than all of Value's costs of defense have been paid by Value's other insurer Continental Casualty Company. Therefore, because of KBIC's breach, Value has suffered, and will continue to suffer, damages in an amount in excess of seventy-five thousand dollars ($75,000).

## COUNT II
## (DECLARATORY JUDGMENT)

61. Value repeats and realleges all of the preceding paragraphs as if fully set forth herein.

62. An actual controversy has arisen and now exists between Value and KBIC concerning whether KBIC has a duty to defend and indemnify Value in the Abbott Litigation.

63. By virtue of the foregoing, Value desires a judicial determination concerning this issue.

64. A judicial determination is necessary and appropriate at this time so that the parties may proceed in accordance with their respective obligations and rights as determined by the Court.

**WHEREFORE**, Value prays for judgment against KBIC as follows:

A. With respect to Count I, for damages in an amount to be proven at trial;

B. With respect to Count II for a judgment declaring that KBIC has an obligation to defend and indemnify Value in the Abbott Litigation;

C. With respect to Counts I and II, for pre-judgment interest on all awards of damages; and

D. For such other and further relief as the Court may deem just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: October 22, 2018  
      Garden City, New York

Respectfully submitted,  
**STERN & SCHURIN LLP**

By: *Richard Schurin*  
_____  
Richard Schurin (RS 0199)  
  rschurin@sternschurin.com  
Steven Stern (SS 5203)  
  sstern@sternschurin.com  
595 Stewart Avenue, Suite 710  
Garden City, NY 11530  
Telephone: (516) 248-0300  
Facsimile: (516) 283-0277

*Attorneys for Plaintiff*