UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ABBOTT LABORATORIES, ABBOTT        :
DIABETES CARE INC., and ABBOTT     :
DIABETES CARE SALES CORPORATION,   :        15 Civ. 05826 (CBA) (MDG)
                                   :
            Plaintiffs,         :
                                   :
    -against-                     :
                                   :
ADELPHIA SUPPLY USA, ET AL.,       :
                                   :
           Defendants          :
                                   :
                                   :
------------------------------------------------------------x

### PLAINTIFFS' RULE 26(a)(1) INITIAL DISCLOSURES

      Plaintiffs Abbott Laboratories, Abbott Diabetes Care Inc., and Abbott Diabetes Care Sales Corporation (collectively, "Abbott" or "Plaintiffs"), by its attorneys, hereby submit the following Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. These Initial Disclosures are based on information reasonably available to Abbott at this time. Abbott's investigation and discovery in this action are continuing, and Abbott reserves the right to supplement or amend these Initial Disclosures as additional information becomes known or as circumstances warrant. In addition, Abbott expressly reserves all objections to the use, for any purpose, of these Initial Disclosures or any of the information referenced herein in this case or any other case or proceeding.

      By making these Initial Disclosures, Abbott does not represent that it is identifying every document, tangible thing, or witness possibly relevant to all issues that may eventually be raised in this lawsuit. Abbott's disclosures represent a good faith effort to identify information currently known to it and that it reasonably believes is required by Rule 26(a)(1).

8921873

Nothing in these disclosures shall constitute an admission or concession on the part of Abbott with respect to any issues of fact or law.

Pursuant to Rule 26(a)(1) and other applicable Federal Rules of Civil Procedure, Abbott is not disclosing documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.  Abbott does not intend these Initial Disclosures to constitute a waiver or limitation of any of its privileges, immunities, or other rights, or of any objection(s) Abbott has or may have to the use for any purpose of these Initial Disclosures or any of the information referenced herein in this case or any other case or proceeding.  Abbott's disclosures are made without in any way waiving:  (1) the right to object on the ground of competency, privilege, relevancy and materiality, hearsay, or other proper ground; (2) the right to object to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in these actions or any other action; and (3) the right to object on any and all grounds, at any time, to the subject matter of these disclosures or any other discovery request or proceeding involving or relating to the subject matter of these Initial Disclosures.

The disclosures set forth below are made subject to the above objections and qualifications.

**I.      Rule 26(a)(1)(A)(i):  Persons With Knowledge**

Based on information reasonably available at this time, the individuals and companies listed in Exhibit A attached hereto are likely to have discoverable information regarding one or more of the topics that Abbott may use to support its claims or defenses. Abbott reserves the right to call any and all additional fact witnesses revealed during its investigation or through discovery that have relevant information regarding this lawsuit. Abbott

2

8921873

incorporates by reference the names of any and all persons disclosed by Defendants through disclosures, answers to interrogatories, responses to requests for production or for admission, pleadings, or otherwise.

## II. Rule 26(a)(1)(A)(ii): Documents, Electronically Stored Information, and Things

Based on the information available at this time, Abbott identifies the following documents, electronically stored information, and tangible things that Abbott may use to support its claims or defenses, excepting from this disclosure such documents as may be used solely for impeachment:

- All documents that accompany pleadings, motions, declarations, letters, or other filings submitted in this case;
- All documents used as exhibits at depositions in this case;
- All documents obtained pursuant to non-party subpoenas issued by any party in this case;
- All documents obtained through discovery of Defendants in this case.

Additionally, Abbott identifies the following categories of documents, electronically stored information, and tangible things that Abbott may use to support its claims or defenses:

- Documents sufficient to show the ownership of the registered trademarks at issue;
- Documents related to the boxes, labels, packaging, and instructional inserts for FreeStyle® and FreeStyle Lite® blood glucose test strips ("FreeStyle test strips");
- Documents and communications related to diverted international FreeStyle test strips;
- Documents sufficient to show the wholesale price of U.S. domestic retail FreeStyle test strips and international retail FreeStyle test strips.

3

8921873

These documents are being held for discovery in this case and will be made available at the office of Patterson Belknap Webb & Tyler LLP, 1133 Avenue of the Americas, New York, New York 10036, and will be produced, if duly requested, according to the Federal Rules of Civil Procedure, the Local Rules of this District, any order of the Court, and the agreement of the parties.  Abbott does not represent or concede that all such documents exist, are discoverable, or would be admissible in this action.  Abbott reserves the right to support its claims or defenses with any document or thing produced by Defendants in this action and reserves the right to identify additional documents and things and to supplement or amend these Initial Disclosures upon receiving subsequently filed pleadings, additional information about Defendants' claims or defenses, or upon further investigation in this case.

III.     **Rule 26(a)(1)(A)(iii):  Computation of Damages**

As set forth in its Second Amended Complaint, Abbott seeks injunctive relief and monetary relief.  Abbott's monetary damages are based on:  (a) actual, statutory, treble, and punitive damages, and costs and attorneys' fees; (b) all ill-gotten profits from Defendants' importation, purchase, marketing, advertisement, distribution, sale, offer for sale, and/or use in commerce in the United States of diverted international FreeStyle test strips; (c) Abbott's lost profits; (d) Abbott's remedial costs; and (e) pre-judgment and post-judgment interest.

IV.     **Rule 26(a)(1)(A)(iv):  Insurance Agreements**

At this time, Abbott is aware of no insurance agreements applicable to this action.

8921873

Dated: New York, New York
   May 20, 2016

              PATTERSON BELKNAP WEBB & TYLER LLP

              By:  */s/ Geoffrey Potter*
                 Geoffrey Potter
                 gpotter@pbwt.com
                 Aron Fischer
                 afischer@pbwt.com
                 R. James Madigan III
                  jmadigan@pbwt.com
                 Matthew Funk
                 mfunk@pbwt.com

1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiffs Abbott Laboratories, Abbott Diabetes Care Inc., and Abbott Diabetes Care Sales Corporation*

8921873

# EXHIBIT A

## Individuals or Entities That May Have Discoverable Information

Any present or former employees of Abbott and K2 Intelligence may only be contacted through counsel for Abbott: Geoffrey Potter, Patterson Belknap Webb & Tyler LLP, 1133 Avenue of the Americas, New York, NY 10036, (212) 336-2000.

| Name of Individual Likely to Have Discoverable Information | Contact Information | Subject Matter of Discoverable Information |
|---|---|---|
| Todd Nelson | Abbott Diabetes Care Inc. | Intellectual property owned or licensed by Abbott; market for, pricing of, and reimbursement and rebate practices related to FreeStyle test strips |
| Thomas J. Kneir | Abbott Laboratories | Investigation of the diversion of international FreeStyle test strips |
| Arul Sterlin | Abbott Diabetes Care Inc. | Abbott's regulatory submissions and compliance related to FreeStyle test strips |
| Jeffrey Kelley | Abbott Diabetes Care Inc. | Product quality assurance, investigations into complaints, and recalls of Abbott diabetes products, including FreeStyle test strips |
| Brian Cairl | K2 Intelligence | Purchases of diverted international FreeStyle test strips |

8921873

A-2

| Name of Individual Likely to Have Discoverable Information | Contact Information | Subject Matter of Discoverable Information |
|---|---|---|
| Each named Defendant and any and all persons disclosed by Defendants through disclosures, answers to interrogatories, responses to requests for production or for admission, pleadings, or otherwise | | Importation, purchase, marketing, advertisement, distribution, sale, offer for sale, submitting claims for rebates to be paid directly or indirectly by Abbott, and/or use in commerce in the United States of diverted international FreeStyle test strips |

8921873