UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
VALUE WHOLESALE, INC.,

        *Plaintiff*,

    v.

KB INSURANCE CO. LTD.,

        *Defendant*.
----------------------------------X

<u>**MEMORANDUM & ORDER**</u>

18-cv-5887(KAM)(SMG)

**KIYO A. MATSUMOTO, United States District Judge**:

      This action concerned the duty of defendant KB Insurance Co., Ltd. ("KBIC") to defend its insured, Value Wholesale, Inc. ("Value"), in a trademark lawsuit before Judge Carol Bagley Amon: *Abbott Laboratories v. Adelphia Supply USA*, No. 15-cv-5826 (E.D.N.Y.) (the "Abbott Litigation"). This court previously found, on summary judgment, that KBIC breached its duty to defend Value in the Abbott Litigation. Subsequently, following extensive briefing as to the proper amount of damages, the court found that KBIC owed Value $347,800.89 in damages, plus prejudgment and postjudgment interest. Value has filed a motion for reconsideration of the court's calculation of damages, which KBIC opposes. For the reasons that follow, Value's motion for reconsideration is DENIED.

1

## Background

The relevant factual background was set forth more fully in the court's March 31, 2020 Memorandum and Order granting Value's motion for partial summary judgment, and in the court's November 2, 2020 Memorandum and Order calculating damages. (*See generally* ECF No. 57, Mar. 31, 2020 Memorandum and Order; ECF No. 89, Nov. 2, 2020 Memorandum and Order ("Nov. 2 Order").) In short, Value initiated this action alleging that defendant KBIC, an insurance company, owed Value a duty to defend in the Abbott Litigation under a commercial insurance package Value purchased from KBIC, and that KBIC breached that duty to defend. The Abbott Litigation was an action brought in this District in 2015 against Value, MedPlus, Inc. ("MedPlus"), and over one-hundred other defendants. Value and MedPlus were both represented in the Abbott Litigation by the same law firm, Stern & Schurin LLP ("Stern & Schurin"), which also represents Value in this action.

The parties cross-moved for summary judgment in this action. (*See* ECF Nos. 24-27, 31-39.) On March 31, 2020, this court granted Value's motion for partial summary judgment as to liability on KBIC's duty to defend, and denied KBIC's motion for summary judgment. (*See* ECF No. 57, Mar. 31, 2020 Memorandum and Order.) The parties then made submissions in support of their respective positions as to the proper amount of damages KBIC

owed Value, and agreed to rely solely on those papers rather than appearing for a formal inquest on damages.  (*See* ECF Nos. 72-88.)

On November 2, 2020, the court held that (1) KBIC owed Value damages equaling the reasonable attorneys' fees and costs expended on the Abbott Litigation that were not already paid by Value's other insurer, Continental Casualty Company ("Continental"); (2) the rates charged and the hours billed by Stern & Schurin in the Abbott Litigation were reasonable for purposes of damages; (3) KBIC was not liable for fees charged by Stern & Schurin solely in connection with defending MedPlus in the Abbott Litigation, and (4) KBIC was liable for prejudgment interest in an amount to be determined, plus postjudgment interest as provided by 28 U.S.C. § 1961.  (Nov. 2 Order at 9-26.)  Value has moved for reconsideration of the court's November 2 Memorandum and Order, arguing that the court's decision to credit KBIC with a deduction of fees incurred solely in connection with defending MedPlus amounted to a "double-deduction," because those fees were already deducted because they were paid by Continental.  (ECF No. 94, Motion for Reconsideration; ECF No. 95, Memorandum in Support ("Mem."); ECF No. 97, Reply.)  KBIC opposed the motion.  (ECF No. 96, Memorandum in Opposition ("Opp.").)

3

**Legal Standard**

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*

**Discussion**

I. Motion for Reconsideration

As explained in the court's November 2 Memorandum and Order, there is no dispute that the invoices supporting Value's request for fees included legal work performed by Stern & Schurin for both Value and MedPlus jointly.[1] Though much of Stern & Schurin's work was performed on behalf of both Value and MedPlus, some of it was performed for only one of the clients. For example, Stern & Schrin filed a motion for summary judgment on behalf of only MedPlus, and this work appeared on the same invoices submitted by Value in support of its request for fees. (*See* Nov. 2 Order at 20.) This case was brought by Value

---

[1] Many of the invoices, on their face, were actually directed to MedPlus rather than to Value, even though they reflected work performed for both defendants. (*See* Nov. 2 Order at 17.)

4

against KBIC for a breach of KBIC's duty to defend Value, and so KBIC could only be found liable for the fees it should have been paying to defend Value, not any fees that were incurred defending only MedPlus. Because Value's request for damages was supported by invoices that reflected work performed for both defendants, the court undertook an analysis to exclude the fees incurred defending only MedPlus. (*Id.* at 18-19.)

Value provided the court with invoices from Stern & Schurin showing a total of approximately $2.6 million in fees for the Abbott Litigation, but did not provide the court with any way to discern which portions of the invoices supported the fees it sought from KBIC (which totaled approximately $800,000). KBIC's expert, on the other hand, submitted a declaration identifying $335,877.50 in fees from the invoices that reflected work related only to defending MedPlus. (*Id.* at 20.) Thus, the court subtracted the amount identified by KBIC as being incurred defending only MedPlus, $335,877.50, from Value's total request for fees of approximately $800,000. (*Id.* at 22.)

Value argues that "it was incorrect for the Court to conclude, without any proof submitted by KBIC, that all of the fees charged solely in connection with defending MedPlus remained outstanding." (Mem. at 2.) According to Value, its other insurer, Continental, which also insured MedPlus, already covered all of the fees incurred defending MedPlus (plus some of

5

the fees incurred defending Value), and so the court was "double-crediting" KBIC by deducting both the fees paid by Continental and the fees incurred defending MedPlus. (*Id.* at 2-3.)

Value's argument would have some merit were there any evidence showing how Continental's payments were actually applied to the unpaid invoices. Value expects the court to accept its word that Continental's reimbursements covered the fees incurred solely defending MedPlus, and that one hundred percent of the fees Value requested were fees incurred defending only Value. Indeed, in support of its argument, Value cites only arguments made in its briefing on damages that the court purportedly "overlooked," but Value does not cite any actual *evidence* on this issue that the court overlooked, because none was presented. (*See id.* at 5-6.) The court cannot award damages in the absence of evidence. The fees for the work performed by Stern & Schurin solely for MedPlus were listed in the same invoices, and they were not separately calculated until KBIC's expert did so in opposition to Value's request for damages. Thus, it is not clear from Value's submissions why or how Continental's payments covered all of the work on behalf of MedPlus, while only covering a fraction of the work performed for Value, other than that such an approach would maximize the amount of fees Value (and its lawyers) could recover from KBIC.

6

Value had an opportunity to submit evidence supporting its argument previously, but it did not do so.[2]

The only question before the court was how much KBIC should have paid to Value for its breach of the duty to defend. As the court previously held, KBIC should pay the total amount Value spent on its defense, minus what Value received from Continental for its defense, and minus the fees incurred for work benefitting only MedPlus. The only way for the court to make that calculation was to rely on the evidence submitted by KBIC's expert, which separated out the fees incurred defending only MedPlus. Had Value shown precisely how the payments made by Continental were applied to the outstanding invoices, the result may have been different. The court, however, finds that it would be improper to assume, based on Value's *ipse dixit*, that the full amount it requested did not include *any* legal work performed for MedPlus.[3]

Value argues that the court's approach will lead to a situation in which "MedPlus would be left holding the bag with no recourse since neither insurer will have paid for this time."

---

[2] Value concedes in its reply brief that there is no evidence showing how Continental's payments were applied to the outstanding invoices by the two clients. (*See* Reply at 2.)

[3] Value argues in its motion for reconsideration that, if the court makes a deduction, the deduction should be proportional, based on how much the MedPlus-specific fees represent as a fraction of the total fees. (Mem. at 6-7; Reply at 2.) The court declines to consider a proposal raised for the first time in a motion for reconsideration.

(Reply at 1.) But MedPlus is not a party to this action, and it is neither Value's nor the court's responsibility to make sure a non-party is also fully compensated.

Because Value has not pointed to any evidence before the court or controlling law that the court overlooked, Value's motion for reconsideration is denied.

**II. Prejudgment Interest**

The parties agree that, following the court's calculation of damages and resolution of Value's motion for reconsideration, the only outstanding issue remaining in this case is the amount of prejudgment interest to be awarded to Value. (*See* ECF No. 92, Joint Letter.) One week after the court calculated damages, Value, as directed by the court, calculated prejudgment interest based on the parameters set out in the court's November 2 Memorandum and Order in the amount of $81,471.05. (ECF No. 90, Value Letter as to Interest.)

KBIC was afforded an opportunity to object to Value's calculation of prejudgment interest in its opposition to the motion for reconsideration. (*See* ECF Dkt. Order Nov. 12, 2020.) KBIC has not objected to Value's actual computation, and instead argues that Value's lack of transparency regarding how Continental's payments were applied to the outstanding invoices "cast[s] doubt on the propriety of the calculations that were used by Value to determine its entitlement to pre-judgment

8

interest," and that Value "admitted" that Continental settled the issue of interest owed to both Value and MedPlus. (Opp. at 5-6.) KBIC also argues that the court erred by assuming the invoices submitted from Stern & Schurin, which did not list due dates, were due 30 days after they were issued. (*Id.* at 6.)

KBIC's arguments are similar to those already rejected by the court when it held that Value was entitled to prejudgment interest. (*See* Nov. 2 Order at 22-26.) Prejudgment interest is *mandatory* under New York law when a defendant breaches the duty to defend, regardless of what other agreements the insured had with other insurers. (*Id.* at 23-24); *see also New England Ins. Co. v. Healthcare Underwriters Mut. Ins. Co.*, 352 F.3d 599, 606 (2d Cir. 2003). Moreover, the due dates of the invoices were largely immaterial; the court assumed they were due 30 days after issuance solely for the purpose of determining the midpoint of when the oldest and most recent outstanding invoices were due, so that interest could be calculated from that date. (Nov. 2 Order at 25.)

Value argues that prejudgment intertest should continue to accrue until judgment is entered. (Reply at 4-5.) The court, however, does not agree that Value should be awarded interest to cover the time period that its motion for reconsideration was pending. The New York statute which requires an award of prejudgment interest grants the court

9

discretion to award interest from a reasonable date from which the cause of action accrued, "to the date the verdict was rendered or the report or decision was made[.]" N.Y. C.P.L.R. § 5001(c). Had Value not filed a motion for reconsideration, which the court has denied, interest would have accrued only through the date of Value's letter on November 9, 2020, in response to the court's decision on damages of November 2.

Accordingly, because KBIC has not raised any valid objections to Value's calculation of prejudgment interest, Value is awarded prejudgment interest for the reasons set forth in the court's November 2 Memorandum and Order in the amount that Value originally calculated: $81,471.05.

## Conclusion

For the foregoing reasons, Value's motion for reconsideration is DENIED. The Clerk of Court is directed to enter judgment in favor of Value in the amounts of $347,800.89 in damages and $81,471.05 in prejudgment interest, and to close this case. Interest shall accrue upon the unpaid judgment from the date of entry as provided by law. 28 U.S.C. § 1961.

**SO ORDERED.**

Dated:  December 22, 2020
        Brooklyn, New York

/s/
Hon. Kiyo A. Matsumoto
United States District Judge
